UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                              )
                                    )
    JULIO HERNANDEZ             )     Case No. 08-12127-SSM
                                    )     Chapter 7
                Debtor      )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of W. Clarkson McDow, Jr., United States Trustee, Region Four, to examine the reasonableness of the fees charged by the debtor's attorney, Dan D. Park. A hearing was held on June 3, 2008, at which the court heard the contentions of the parties and took the motion under advisement. For the reasons stated, the court will order a portion of the fees refunded to the debtor.

Background

Julio Hernandez ("the debtor") filed a voluntary petition in this court on April 21, 2008, for relief under chapter 7 of the Bankruptcy Code. On his schedules he listed $5,979 in assets and $197,228 in liabilities.[1] The petition and schedules were prepared by Dan D. Park, Esquire, an attorney who has filed approximately a hundred chapter 7 cases for clients in this court since November 2007. This was the second chapter 7 case Mr. Park filed for the debtor. The first was filed four months earlier on December 18, 2007. *In re Julio Hernandez*, No. 07-13973-RGM. That case was closed on April 14, 2008, without entry of a discharge after the debtor failed to

---

[1] Nearly all of this amount represents the deficiency on a mortgage foreclosure. The debtor actually has only four creditors in all.

file a certificate of completion of financial management course as required by § 727(a)(11), Bankruptcy Code. According to Mr. Park, the debtor completed the financial management course on February 14, 2008, and the certificate of completion was faxed to his office on or about that same date. However, the attorney within Mr. Park's office who was primarily managing the debtor's case quit shortly thereafter, Mr. Park's staff did not follow up properly, and the certificate never got filed with the court. Mr. Park further explained that after some research into the relative merits of moving to reopen the case or simply filing a new case, he decided that the latter "would be the best for the situation."

When the first case was filed, Mr. Park received $2,500.00 from the debtor, of which $299.00 was used to pay the filing fee.[2] Although the initial disclosure of compensation filed in the present case reported that the debtor paid $300 to Mr. Park for the second case, Mr. Park now represents, and the court accepts, that no further fee was charged to the debtor for filing the second case.

## Discussion

Although in a chapter 7 case the attorney for the debtor does not need court approval of his or her fees, the attorney must file a disclosure of the compensation paid or agreed to be paid, and the court has the power, on its own motion, or on motion of the debtor or the United States

---

[2] Although the receipt of the $2,500.00 is shown on the Rule 2016 disclosure of compensation, it is not shown on the statement of financial affairs in either case in response to Question 9, which asks for "all payments made or property transferred by or on behalf of the debtor to any persons, *including attorneys,* for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy *within one year* immediately preceding the commencement of this case." The only payment shown is for the required prepetition credit counseling. In the future, counsel must insure that <u>any</u> payment received from the debtor within <u>one year</u> for bankruptcy services—whether or not specifically for the current case—is properly reported on the statement of financial affairs.

Trustee, to determine if the fee is "excessive" for "services rendered or to be rendered in contemplation of or in connection with the case" because it "exceeds the reasonable value of any such services."  § 329, Bankruptcy Code; Fed.R.Bankr.P. 2016(b) and 2017(a).

At the outset, the court notes that the fee charged for the first case— $2,201 net of the $299 filing fee—is at the high end of the prevailing range for cases filed in this court.  The court has reviewed the attorney fee disclosures in all chapter 7 cases assigned to the author judge during the calendar week in which the current case was filed.  In the 61 cases reviewed, the fees ranged from $795 to $3,088, with the median being $1,892.  The mean (i.e., arithmetic average) was $1,642, with a standard deviation of $598.[3]  This case—whether reviewed from the perspective of the first or second filing—does not on its face present any complex or unusual issues.  The debtor's assets are minimal, he has only four creditors (none of them secured), his income is below the threshold for the chapter 7 "means test," and no unusual or esoteric exemptions are claimed.  In the first case, the trustee filed a report of no distribution the day following the meeting of creditors, and no motions for relief from the automatic stay, objections to discharge or complaints to determine dischargeability were filed.  Even if there were potential issues that are not apparent simply from a review of the schedules and statement of financial affairs, it is difficult to see why a fee in excess of $2,000 would have been appropriate for the services actually required or reasonably anticipated.  But given that a fee of $2,201 is nevertheless within

---

[3] The standard deviation is a statistical measure of central tendency, or dispersion from the mean.  It is calculated as the square root of the average of the squared deviations from the mean.  For a so-called "normal" (or "bell curve") distribution of values, 68% (or approximately two-thirds) will lie within one standard deviation from the mean, 95% of the values will lie within two standard deviations, and 99.7% within three standard deviations. *See* M.J. Moroney, Facts from Figures 61-63 (Penguin Books 1951).

one standard deviation of the average fee charged by all practitioners during the period in question, the court would have little basis for finding it excessive *if* the case had ran smoothly.

The debtor's case, however, did not run smoothly. Although the debtor completed the financial management course in a timely fashion, Mr. Park's office dropped the ball and did not file the certificate with the court, with the result that the debtor's case was closed without issuance of a discharge. Mr. Park has been candid in acknowledging responsibility for the mistake and has commendably attempted to repair the damage by filing the present case without any additional charge to the client. But even if the client has suffered no direct out-of-pocket loss, there is, as the United States Trustee argues, nevertheless some prejudice to the debtor. He will have two bankruptcy filings on his credit report. He will have to take off from work to attend a second, rather pointless, meeting of creditors; will have to take the financial management course a second time;[4] and will be delayed in receiving his discharge by at least four months. To the extent future credit evaluations—such as the credit checks commonly done these days by residential landlords or by some insurance companies— require a specific period of time following discharge before the application will be approved, the debtor may experience greater obstacles to re-establishing his life following bankruptcy than if he had received a discharge in the first case.

The reasonableness of legal fees is not measured simply by the hours expended to achieve the client's goals, but also by the quality of the representation. Where counsel's

---

[4] The statute is clear that the financial management course must be taken *after* the filing of the petition. § 727(a)(11), Bankruptcy Code. *See In re Hall,* 347 B.R. 532 (Bankr. N.D. W. Va. 2006) (citing *In re Johnson,* 2006 WL 1548627 (Bankr. N.D. Fla. 2006) (holding that a certificate for completion of financial management course received pre-petition did not satisfy the requirement that the debtor complete a post-petition financial management course).

performance has been deficient, as it has been in this case, the determination of reasonableness must necessarily take into account the reduced quality of the services. *See In re Redding,* 247 B.R. 474 (B.A.P. 8th Cir. 2000)(discussing the court's ability to reduce compensation if the work done was excessive or of poor quality). At the same time, counsel has made a good-faith effort to mitigate the damage, and there is no reason to believe the debtor will not ultimately receive the relief he sought when he employed counsel. Under the circumstances, the court concludes that a fee equal to the average prevailing fee represents the fair value of the services provided, and that any fee in excess of that is therefore excessive. For that reason, the court will require debtor's counsel to refund to his client the $559 difference between the average prevailing fee and the fee actually paid.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to examine the debtor's transactions with attorney Dan D. Park, Esquire, is granted. Having determined that $559.00 of the fee collected by Mr. Park exceeds the reasonable value of the services provided, the court directs Mr. Park to refund such amount to the debtor within 30 days of the entry of this order and to provide the Office of the United States Trustee with proof of such payment.

     2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____    _____
                  Stephen S. Mitchell
Alexandria, Virginia        United States Bankruptcy Judge

Copies to:

Dan D. Park, Esquire
Law Office of Dan Park
2810 Old Lee Highway, Suite 200A
Fairfax, VA 22031
Counsel for the debtor

Julio Hernandez
14724 Deming Dr., Apt. 303
Gainesville, VA 20155
Debtor

Jack Frankel, Esquire
Office of the United States Trustee
115 South Union St., Suite 210
Alexandria, VA  22314

Donald F. King, Esquire
9302 Lee Highway, Suite 1100
Fairfax, VA  22030
Chapter 7 trustee